UNITED STATES, Appellee,

v.

Arthur H. HITCHCOCK, Jr., Private,
United States Army, Appellant.

No. 35,040.
CM 435815.

U.S. Court of Military Appeals.

Feb. 12, 1979.

For Appellant—*Captain James J. Par-
wulski* (argued); *Colonel Robert B. Clarke*
(on brief); *Major Benjamin A. Sims* (on
brief); *Captain D. David Hostler* (on brief);
*Captain John H. Milne* (on brief).

For Appellee—*Captain Douglas P. Frank-
lin* (argued); *Colonel Thomas H. Davis* (on
brief); *Lieutenant Colonel R. R. Boller* (on
brief); *Major Steven M. Werner* (on brief).

Opinion of the Court

COOK, Judge:

At issue is the correctness of the trial
judge's reconsideration and overturning of
a granted motion for a finding of not
guilty. We hold that the reconsideration
and reversal were improper.

The accused was charged with resisting
apprehension and escape. The charges
came on for trial before a general court-
martial composed of a military judge and
court members. When both sides had rest-
ed their respective, direct cases, defense
counsel moved for a finding of not guilty as
to each offense. The motion was argued
out of the presence of the court members,
as allowed by Article 39(a), Uniform Code
of Military Justice, 10 U.S.C. § 839(a). *See*
Military Justice Handbook, DA Pamphlet
27–10, para. 73d(2) (August 1969). After
argument, the trial judge ruled that "[c]on-
sidering all of the evidence" he believed the
Government had failed to make "a prima
facie case" as to the apprehension charge;
in consequence, he granted the defense mo-
tion "as to that specification."

Although making no formal ruling on the
motion as to the escape charge, the judge
observed that as the charge was still "left,"
he thought it "appropriate to go into antici-

pated instructions" in regard to it. A discussion on instructions followed; at its conclusion, defense counsel indicated his readiness to resume in-court proceedings, but trial counsel requested a recess. About an hour and a half later, the Article 39(a) session was continued.

An opening comment by the judge suggests that during the recess, trial counsel called the judge's attention to three cases which he contended were "contrary" to the judge's ruling on the motion for a finding of not guilty. In the ensuing discussion, defense counsel conceded the legal import of the cases cited by trial counsel, but contrary to trial counsel's request for reconsideration and reversal of the ruling, he maintained that, "once there has been a finding of not guilty by the military judge," the judge lacked the power to reverse his ruling.

Remarking that had he been aware of the cases cited by government counsel, the "initial ruling would not have been the way that it was," the judge concluded the "best interest of justice" required its expungement. He, thereupon, withdrew his "original ruling" and denied the motion for a finding of not guilty. In-court proceedings were resumed, and the trial continued to a verdict of guilty as to both offenses and the adjudgment of sentence by the court members.

■ The constitutional protection against double jeopardy does not allow a balance of equities. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 2147 n. 6, 57 L.Ed.2d 1 (1978). However mistaken or wrong it may be, an acquittal cannot be withdrawn or disapproved. *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). As recently as last June, the United States Supreme Court held that, whether by verdict of a jury or by ruling of the trial judge, an acquittal bars further prosecution, "even if the legal rulings underlying . . . [it] were erroneous." *Sanabria v. United States,* 437

U.S. 54, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43 (1978).

Had the accused been charged with a single offense and had the trial judge granted a motion for a finding of not guilty, his correct announcement of his ruling would, then and there, have ended the trial; the ruling could not, thereafter, be subject to reconsideration and reversal. In *United States v. London,* 4 U.S.C.M.A. 90, 96, 15 C.M.R. 90, 96 (1954), this Court said:

[I]f a court formally and correctly announced a finding of not guilty in open court, it could not thereafter reconsider its finding and return a finding of guilty.

*Accord, United States v. Boswell,* 8 U.S.C. M.A. 145, 149, 23 C.M.R. 369, 373 (1957).

■ *London* involved findings of not guilty by court members, but the rationale of the opinion applies equally to a finding of not guilty by the trial judge on a motion therefor, which is communicated to the accused by the judge in an Article 39(a) session. Since the Military Justice Act of 1968,[1] a finding of not guilty by the trial judge "is final and constitutes the ruling of the court." Article 51(b), UCMJ, 10 U.S. C. § 851(b).[2] Nevertheless, appellate government counsel contend that since the judge's ruling was merely interlocutory, it could be changed at any time during the trial. The contention disregards the fact that the trial ends on a count as to which the judge enters a judgment of acquittal, although the trial on unaffected counts continues.

■ Different offenses may be joined for trial, but they do not thereby lose their separability. A judgment of acquittal entered in midtrial by the judge as to one count of a several-count indictment terminates the trial as to that count. *See Sanabria v. United States, supra.* Similarly, in military practice, all known offenses may be joined for trial, but the joinder does not effect the inherent separateness of each delict. *See United States v. Mladjen,* 19

1. P.L. 90–632, 82 Stat. 1335.

2. Prior to the Military Justice Act of 1968, a ruling on a motion for a finding of not guilty by the law officer (now military judge) was subject to objection by a court member; if objection was made, the motion was decided by the court members. *See United States v. McCants,* 10 U.S.C.M.A. 346, 27 C.M.R. 420 (1959).

U.S.C.M.A. 159, 161, 41 C.M.R. 159, 161 (1969).

In *United States v. Baker*, 419 F.2d 83 (1969), *cert. denied*, 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970), the Court of Appeals for the Second Circuit upheld reconsideration and reversal by the trial judge of a ruling granting a defense motion for judgment of acquittal on one count of a five-count indictment. The court described as "somewhat bizarre" the defense contention that withdrawal of the ruling violated his constitutional protection against double jeopardy. *Id.* at 89. Federal procedure requires that a favorable ruling by the trial judge on a motion for acquittal be followed by entry of a judgment of acquittal. Fed. R.Crim.P. 29. In *Baker* the court referred to the fact that "no final judgment of acquittal was ever entered." 419 F.2d at 89. Apparently the court considered announcement of a ruling granting a motion for judgment of acquittal as lacking the finality of entry of an order or judgment of acquittal, and, therefore, the ruling was capable of being reconsidered. A similar intimation seems to be present in *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978). There the Supreme Court said:

> Where the court, before the jury returns a verdict, *enters a judgment of acquittal pursuant to Fed.Rule Crim.Proc. 29*, appeal [by the Government] will be barred only when [the evidence is found legally sufficient].

[Emphasis added.]

▉ Military practice does not require entry of a formal order or judgment of a finding of not guilty. Instead, announcement of the finding in court, in the presence and hearing of the accused, gives operative effect to it. As the Guide-Trial Procedure in the Manual indicates, announcement of an acquittal is immediately followed by a declaration importing the end of the trial. Manual for Courts-Martial, United States, 1969 (Revised edition), Appendix 8b at A8–23. Thus, the military practice is different from that provided by Rule 29 of the Federal Rules. The difference is further emphasized by Article 53, which requires the court-martial to "announce its findings and sentence to the parties as soon as determined." Although the article does not specifically refer to the trial judge's ruling on a motion for a finding of not guilty, considered with Article 51(b), which empowers the judge to rule with finality on that motion, the legislative purpose clearly contemplates that the judge, too, announce his ruling as soon as determined. As the judge's ruling of not guilty "constitutes the ruling of the court," it necessarily follows that on correct announcement of it in the presence of the accused, it, like a finding of not guilty by the court members that has been correctly announced, concludes the trial and cannot be, thereafter, reconsidered and retracted.

Here, the trial proceedings continued after the announcement by the judge of his grant of the motion for a finding of not guilty. However, the continuation was only to complete the trial as to the escape charge, which was unaffected by the judge's ruling. It is inaccurate to say, as government counsel do, that the accused was subject to "only one trial" on the apprehension specification. The trial as to that offense had ended an hour and a half before the proceedings were reopened to allow the Government to press for reconsideration and vacation of the finding of not guilty. When that finding was withdrawn, factually and legally, the accused was required to defend himself again against a charge as to which he had been acquitted. To put him to that defense was improper; and, by timely objection, he preserved his right to assert the impropriety on appeal. *See* paragraph 67, Manual, *supra*.

The decision of the United States Army Court of Military Review is reversed as to the apprehension offense (Specification 1 of the Charge) and the sentence. The findings of guilty of that specification are set aside, and the specification is dismissed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for reassessment of the sentence on the basis of the remaining findings of guilty.

Chief Judge FLETCHER and Judge PERRY concur.