**UNITED STATES, Appellee,**

v.

**Private (E–2) Wayne JEFFERSON, SSN 212–82–3692, United States Army, Appellant.**

**CM 440940.**

U. S. Army Court of Military Review.

30 April 1982.

Captain Paul J. Moriarty, JAGC, argued the cause for the appellant. With him on the brief were Major Raymond C. Ruppert, JAGC, and Major Charles A. Byler, JAGC.

Captain Daniel N. Velling, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Kenneth H. Clevenger, JAGC.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of the wrongful sale, transfer, and possession of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for three years, forfeiture of all pay and allowances, and reduction to Private E–1. The convening authority approved the sentence.

The appellant contends that the military judge's instructions were deficient. We agree and set aside the findings and sentence.

A brief summary of the facts is necessary to set out the context of the military judge's instructions. At the trial, an undercover military policeman, Specialist Four Irish, testified he had learned that the appellant could supply him with drugs. Specialist Irish was approached by appellant outside of the latter's barracks. The appellant offered to sell Irish some "ski," a colloquial term for heroin. They then walked around to an adjacent building where the appellant removed "two small white paper packets" from his pocket and sold them to Irish for $50.00.

On the other hand, the appellant testified that he was approached by Specialist Irish, who asked him if he wanted to buy any "dope," meaning hashish. Desiring to purchase hashish, the appellant took the small package offered by Irish, but immediately recognized it as the type of package used for heroin. He gave it back to Irish stating, "No, man, I don't f_____ with this." The appellant's version was supported by four acquaintances who testified that they were sitting nearby outside the barracks. Contrary to the defense witnesses, Irish testified that no one else was in the vicinity when the transaction occurred.

 As part of his instructions on findings, the military judge instructed the members that:

> One who possesses, sells, or transfers heroin thinking it is marijuana, no matter how honest and reasonable his belief, is guilty of the offense of possession, sale, or transfer of heroin.* This is so if the accused is found to be the actual perpetrator or a principal. Anyone who actually commits an offense is a principal. Anyone who knowingly aids or abets another in committing an offense is also a principal and is equally guilty of the offense. An aider or abettor must share the criminal intent or purpose of the person who actually commits the crime and must aid, encourage, or incite the person who commits the criminal act. If you're satisfied beyond a reasonable doubt that Private Jefferson aided or abetted the commission of any or all of the alleged offenses, you may find him guilty of that offense even though he may not have been the person who actually committed any or all of the alleged crimes.

*United States v. Coker*, 2 M.J. 304, 308 (A.F.C. M.R.1976), *reversed on other grounds*, 4 M.J. 93 (C.M.A.1977). The federal courts have also applied this rule. *United States v. Morales*, 577 F.2d 769, 776 (2d Cir. 1978); *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir.) (en banc), *cert. denied*, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). *See generally United States v. Quijada*, 588 F.2d 1253 (9th Cir. 1978); *contra, United States v. Oviedo*, 525 F.2d 881 (5th Cir. 1976).

---

* The defense objected to this part of the instruction and the objection was properly overruled. Implicit in the defense of mistake of fact is that "the mistaken belief must be of such a nature that the conduct would have been lawful had the facts been as they were reasonably believed to be." *United States v. Rowan*, 4 U.S.C.M.A. 430, 433, 16 C.M.R. 4, 7 (1954). *See also, United States v. Greenwood*, 6 U.S.C.M.A. 209, 216, 19 C.M.R. 335, 342 (1955). An "accused's belief that he possessed ... an illegal drug other than the one charged is not exonerating."

The military judge "must bear the primary responsibility for assuring that the jury properly is instructed on the elements of the offenses raised by the evidence as well as potential defenses and other questions of law." *United States v. Graves*, 1 M.J. 50, 53 (C.M.A.1975). It is the duty of the military judge to properly frame the issues for the court members based upon an evaluation of the evidence presented. *Id.* "[I]t is absolutely essential that *all* factual issues and offenses raised [by] the evidence be the subject of instructions—requested or not—by the trial judge." *United States v. Jackson*, 6 M.J. 261, 263 n.5 (C.M.A.1979).

We hold that it was error to give the "aider and abettor" instruction in connection with the transfer and sale offenses. The accused denied selling to Irish and maintained that Irish attempted to sell heroin to him. The instruction incorrectly permitted the court members to accept the appellant's version of the facts, but nevertheless convict him as an aider and abettor. However, a person is not an aider and abettor of an offense committed by another if his conduct is "inevitably incident to its commission," unless there is a criminal statute which provides otherwise. ALI Model Penal Code: Proposed Official Draft § 2.06(6)(b) (1962); Lafave and Scott, *Handbook on Criminal Law*, p. 521 (1972). Consequently, since there can be no sale without a purchaser, the appellant as the purported purchaser would not be *ipso facto* an aider and abettor of Irish, the purported seller. *Norris v. United States*, 34 F.2d 839 (3d Cir. 1929); *United States v. Farrar*, 38 F.2d 515, 517 (D.C.Mass.) *affirmed*, 281 U.S. 624, 50 S.Ct. 425, 74 L.Ed. 1078 (1930); *Wharton's Criminal Law and Procedure*, § 105, p. 229 (1957). Likewise, since there can be no transfer without a transferee, the appellant as the purported transferee would not be *ipso facto* an aider and abettor of Irish, the purported transferor.

Regarding the possession offense, the aider and abettor instruction was not warranted by the evidence. If, as Irish testified, he acquired the heroin in his official capacity as a law enforcement agent, there was no crime to be aided and abetted. *See United States v. Sneed*, 17 U.S.C.M.A. 451, 38 C.M.R. 249 (1968); *United States v. Seberg*, 5 M.J. 895 (A.F.C.M.R.1978). If however, as the appellant testified, Irish was illegally selling heroin, the appellant's only act which conceivably could have aided Irish's possession was the appellant's refusal to commit an illegal act by accepting possession of heroin. We hold that, with respect to the possession offense, the aiding and abetting instruction was not only superfluous but misleading.

While the other instructions given by the military judge were legally correct, we cannot disregard the misleading effect of the aider and abettor instructions in this case. *See United States v. Cauley*, 12 M.J. 484, 486 (C.M.A.1982); *United States v. Pennington*, 21 U.S.C.M.A. 461, 45 C.M.R. 235 (1972). The erroneous aider and abettor instruction virtually occluded the appellant's defense. Since there is a reasonable likelihood that the instructions caused the appellant to be convicted on an erroneous premise, reversal is required.

We note in passing that the military judge defined "possession" but did not tailor his instruction to the defense theory that the appellant's momentary possession was insufficient exercise of dominion and control to constitute "possession." *See United States v. Agee*, 597 F.2d 350, 360 (3d Cir. 1977); *People v. Mijares*, 6 Cal.3d 45, 99 Cal.Rptr. 139, 491 P.2d 1115 (1971) (en banc); *State v. Hogue*, 52 Haw. 660, 486 P.2d 403 (1971). However, in view of our holding regarding the aider and abettor instruction we need not decide whether the military judge's instruction on the element of possession was adequate in the absence of a defense objection or request for further amplification.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge CARNE and Judge O'DONNELL concur.