UNITED STATES

v.

**Randy Ray BIRCH, Boatswain's Mate Second Class, U. S. Coast Guard.**

**CGCM 9961.
Docket No. 836.**

U. S. Coast Guard Court of Military Review.

22 May 1982.

Trial Counsel: LCDR Mark P. TRO-SETH, USCG

Assistant Trial Counsel: LT Rebecca L. FEEMSTER, USCGR

Detailed Defense Counsel: LT Don M. WRYE, USCGR

Civilian Defense Counsel: Robert G. CARR, Esquire

Appellate Defense Counsel: LCDR Robert W. FERGUSON, USCG

Appellate Government Counsel: LT Dana J. ST. JAMES, USCGR

## DECISION

MORGAN, Chief Judge:

Boatswain's Mate Second Class Randy Ray BIRCH, U. S. Coast Guard, was tried by a general court-martial with members 3–8 November 1980. He was charged with two offenses of rape in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920, two offenses of forcible sodomy in violation of Article 125, UCMJ, 10 U.S.C. § 925, one offense of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928, four offenses of indecent assault in violation of Article 134, UCMJ, 10 U.S.C. § 934 and three offenses of communicating obscene language to named females also in violation of Article 134, UCMJ. He pleaded not guilty to all charges and specifications.

The court convicted him of the offense of adultery in violation of Article 134, UCMJ, as a lesser offense under one of the specifications alleging rape, of the lesser offense of consensual sodomy under one of the specifications alleging forcible sodomy, of the assault and battery charge, of two of the indecent assault offenses and of three offenses of communicating obscene language to females. He was acquitted of the remaining charges and specifications. The court sentenced the accused to be confined at hard labor for twelve months, to be reduced to pay grade E–1 and to be discharged from the service with a bad conduct discharge. The convening authority approved the sentence but suspended the unexecuted confinement at hard labor remaining to be served after 11 March 1981 for a probationary period of six months.

Appellate defense counsel asserts that BM2 BIRCH was twice placed in jeopardy as to specification 2 of Charge I alleging rape under which the members convicted the accused of adultery after the military judge had granted a motion for a finding of not guilty of the specification but later reinstated so much of the charge and specification as alleged the lesser offense of adultery. Counsel also argues that the conviction of adultery must be set aside in any event since adultery is not a lesser included offense of rape. It is next asserted that the military judge erred by failing to instruct the members on the law of accomplice testimony with respect to the adultery and consensual sodomy convictions. Further, counsel argues that the military judge erred in failing to grant the defense motion for a finding of not guilty of specification 2 of additional Charge III alleging indecent assault. Finally, counsel alleges that the military judge erred by failing to instruct the members on the elements of assault as a lesser included offense of the specifications alleging indecent assault.

We find no merit in appellant's claim that the military judge erred in failing to instruct the members with respect to accomplice testimony or in failing to grant the motion for a finding of not guilty of one

of the specifications alleging indecent assault.

At the close of the government's case the defense counsel moved for a finding of not guilty of several charges and specifications, including each of the specifications alleging rape. Following argument by counsel, the military judge denied the motion with respect to specification 1 under the rape charge (Charge I) but granted it with respect to specification 2. Thereafter, on the government's motion and over defense objection, the military judge reconsidered his ruling granting the motion for a finding of not guilty of specification 2, Charge I. Commenting on his prior ruling and on his reconsideration of that ruling the military judge said:

"It was my mistake yesterday in overlooking that lesser included offense when I ruled on the motion in the first place, * * * I therefore will reconsider, do reconsider and will permit the lesser included offense of adultery of that specification to go before the court * * *."

The military judge subsequently informed the members that while the offense of rape alleged in specification 2 of Charge I was no longer before them the lesser offense of adultery included within that specification did remain before the court. The accused was found guilty of this lesser offense.

In *U. S. v. Hitchcock*, 6 M.J. 188 (CMA 1979) the Court of Military Appeals considered the propriety of a military judge's action in reinstating a charge after he had granted a motion for a finding of not guilty of that charge under circumstances remarkably similar to those in the case before us. Finding that the military judge had improperly required Hitchcock to defend himself again against a charge as to which he had been acquitted, the Court said with respect to the finality of the military judge's ruling granting the motion for a finding of not guilty:

"As the judge's ruling of not guilty 'constitutes the ruling of the court,' it necessarily follows that on correct announcement of it in the presence of the accused, it, like a finding of not guilty by the

court members that has been correctly announced, concludes the trial and cannot be, thereafter, reconsidered and retracted." 6 M.J. at 190

Earlier in the same opinion the Court had said:

"However mistaken or wrong it may be, an acquittal cannot be withdrawn or disapproved. *Fong Foo v. United States*, 369 U.S. 141, 143, 82 S.Ct. 671, [672] 7 L.Ed.2d 629 (1962). As recently as last June, the United States Supreme Court held that, whether by verdict of a jury or by ruling of the trial judge, an acquittal bars further prosecution, 'even if the legal rulings underlying . . . [it] were erroneous.' *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43 (1978)." 6 M.J. at 189

In this case the military judge announced unequivocally, "The motion for a finding of not guilty as to Charge I, specification 2 is granted." Thus, his ruling concluded the trial as to that specification and could not thereafter be reconsidered and retracted. The accused is entitled to have his conviction of adultery set aside. *U. S. v. Hitchcock, supra; U. S. v. Boswell*, 8 USCMA 145, 23 CMR 369 (1957).

Under specification 1 of Additional Charge III the accused was convicted of committing an indecent assault upon a named female "by hugging and kissing her and fondling her breasts, without her consent, with intent to gratify his lust or sexual desires." The victim of this offense testified that she was on watch answering telephone calls in the communications center of the station. The accused came in, sat down and was talking to her. He grabbed her and kissed her a couple of times. One time he grabbed her and touched her breast. She told the accused to leave her alone and also asked a third class radioman on duty with her to have the accused leave her alone. The accused denied that he had attempted to hug or kiss the victim or that he touched her breast.

Under specification 2 of Additional Charge III the accused was convicted of committing an indecent assault upon a

named female "by grabbing and kissing her without her consent with intent to gratify his lust or sexual desires." The victim of this offense testified that it was part of her duties to clean the 44 foot station lifeboat. On one occasion while she was cleaning the galley compartment of the boat the accused came down the ladder and closed the door behind him. He went forward into the berthing compartment, lay down and started talking about his wife. She completed her cleaning and the two of them started to leave the boat. As she got about two steps up the ladder the accused grabbed her by the arm, pulled her to him and kissed her. She told him not to do that again. He said it was only a friendly kiss and told her not to tell anyone. The accused denied grabbing or kissing this victim.

The military judge instructed the members on the elements of indecent assault as alleged. Instructions on the elements of possible lesser included offenses were neither given nor requested. Appellate defense counsel contends that the military judge erred in failing to instruct sua sponte on the lesser included offense of assault under each specification.

It is a well established principle of military law that the military judge "is required to instruct, sua sponte, on the elements of those lesser offenses included within that charged, when there is presented in the record some evidence which would allow the fact finders reasonably to conclude that accused was guilty only in the lesser degree." *U. S. v. Moore*, 16 U.S.C.M.A. 375, 36 C.M.R. 531, 532–533 (1966). "[A]ny doubt as to the sufficiency of the evidence to require instruction should be resolved in the accused's favor." *U. S. v. Bairos*, 18 U.S.C.M.A. 15, 39 CMR 15, 17 (1968); *U. S. v. Clark*, 22 U.S.C.M.A. 576, 48 C.M.R. 83, 84 (1973). See also *U. S. v. Jackson*, 6 M.J. 261 (CMA 1979); *U. S. v. Staten*, 6 M.J. 275 (CMA 1979).

■ The offense of indecent assault requires proof of an assault by taking indecent, lewd, or lascivious liberties with the victim's person, accompanied by a specific intent to gratify lust or sexual desires

through the acts performed. Paragraph 213(f)(2), Manual for Courts-Martial, 1969 (Rev.); *U. S. v. Hobbs*, 7 U.S.C.M.A. 693, 23 C.M.R. 157 (1957). An act may properly be regarded as lewd or lascivious under some circumstances even though it is not itself indecent. The act of a man grabbing and kissing a woman against her will is not inherently indecent but may be legally actionable if accompanied by the requisite specific intent to gratify lust or sexual desires. *U. S. v. Hobbs, supra; U. S. v. Tindoll*, 16 U.S.C.M.A. 194, 36 C.M.R. 350 (1966).

■ In this case the accused's actions grabbing and kissing the victims and touching the one victim's breast were not accompanied by any declaration of his intent. Nor were the circumstances of the assaults such as to compel a conclusion by all reasonable fact finders that he intended to gratify his lust or sexual desires. On this state of the evidence, the military judge erred in failing to instruct the members on the lesser included offense of assault consummated by a battery as a reasonable alternative for their consideration. *U. S. v. Hobbs, U. S. v. Jackson* and *U. S. v. Staten*, all *supra; U. S. v. Jackson*, 12 M.J. 163 (CMA 1981). We will correct this error by approving the appellant's conviction of only the lesser offenses and by reassessment of the sentence. See *U. S. v. Jackson*, 6 M.J. 261 (CMA 1979) and *U. S. v. Staten*, both *supra*.

We have considered the remaining assignments of error set forth in the brief attached to the record of trial by detailed defense counsel pursuant to Article 38(c), UCMJ, 10 U.S.C. § 838(c). The issues raised there and not otherwise specifically addressed in this opinion have all been considered and found to be without merit. *U. S. v. Grostefon*, 12 M.J. 431 (CMA 1982).

The finding of guilty of adultery under specification 2 of Charge I is set aside and that Charge is dismissed. Only so much of the findings of guilty of specifications 1 and 2 of Additional Charge III as finds the accused guilty of assault consummated by a battery in each instance in violation of Article 128, UCMJ, is affirmed. The remaining findings of guilty are affirmed.

We have reassessed the sentence on the basis of the findings of guilty which we have found to be correct in law and fact. Noting the depravity of the accused's course of conduct toward his subordinates portrayed in this record together with the clemency granted by the convening authority's suspension of the remaining confinement, we find the sentence as it reaches us entirely appropriate. Accordingly, the sentence as approved and in part suspended on review below is affirmed.

Judges VERSAW, BEAVER and BRIDGMAN concur.

HOLLAND, Judge, concurring in part and dissenting in part:

I concur in the result. However, I cannot conclude that the military judge erred in not instructing the members on a lesser included offense of assault consummated by a battery with regard to specifications 1 and 2 of Additional Charge III.

As contrasted to the facts in evidence in *U. S. v. Hobbs, supra* and *U. S. v. Jackson, supra*, intoxication was not an issue in this case, nor was the accused's capacity to form a specific intent ever placed in doubt. Unlike the trial circumstances in *U. S. v. Staten, supra*, moreover, there was no evidence presented, by affirmative defense or otherwise, which would reasonably suggest any motivation for these assaults other than the motivation of indecency which was alleged. The majority opinion adequately describes the circumstantial evidence supporting that conclusion, although it should also be noted that the specification 2 kiss was described by the victim as a kiss on the lips.

It is well established that specific intent can be proven by circumstantial evidence. *U. S. v. Miller*, 8 USCMA 33, 23 CMR 257 (1957). The circumstantial evidence of specific intent to gratify lust was so compelling that the offense of simple assault and battery was never in issue, and the military judge had no duty to instruct upon it. A lesser included offense instruction is only proper when a factual element necessary for conviction of the charged greater offense is in dispute. *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965); *U. S. v. Jackson, supra*. The specific intent element in these offenses was not in dispute.

I would accordingly affirm the trial court's findings of guilty with regard to specifications 1 and 2 of Additional Charge III.