# UNITED STATES

### v.

**Airman Randolph E. BROOKS, FR 214–84–0157 United States Air Force.**

**ACM S25692.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 April 1982.

Decided 10 Dec. 1982.

**540**

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Richard A. Morgan, and Captain Teresa J. Stremel, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major George D. Cato and Wing Commander J.H. Payne, RAAF.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

In a special court-martial consisting of members, the accused was found guilty, in accordance with his pleas, of dereliction in the performance of his duties. He was also found guilty, contrary to his pleas, of wrongful transfer of marijuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, and forfeiture of $250.00 per month for four months.

On appeal, the accused contends that the military judge erred by instructing the court that they could find the accused guilty as an aider and abettor where there was no evidence adduced at trial upon which such a finding could be based. We agree.

In order to adequately discuss this issue, a review of the evidence is necessary. On 16 December 1981, four people met in an automobile, located in the parking lot of a hotel in Alamogordo, New Mexico. One was a New Mexico State Police undercover agent; the second was an A.F.O.S.I. informant; the third was a John Johnson; and the fourth was the accused. The meeting was held for the purpose of transferring drugs to the undercover agent.

Both the prosecution and the defense agreed that marihuana was transferred to the agent for $100.00; however, the parties disagreed as to who made the transfer. The prosecution offered the testimony of the undercover agent, who testified that the accused made the transfer to him, and that he paid the money directly to the accused. The defense offered the testimony of John Johnson. He testified that he made the arrangements for the transfer; he asked the accused for a ride; the accused knew nothing about a transfer until it occurred; and that he made the transfer of marihuana and received the $100.00. The accused and the other occupant of the automobile did not testify. On these facts, and over the objection of the defense counsel, the military judge gave the standard instruction on the law of principals.

The military judge is responsible to assure that the court members are properly instructed on the elements of the offense, issues raised by the evidence, potential defenses, and other questions of law. *United States v. Graves,* 1 M.J. 50 (C.M.A. 1975). Moreover, the trial judge has the responsibility to instruct on matters fairly raised by the evidence, even when it is the express desire of the counsel that the instruction not be given. *United States v. Johnson,* 1 M.J. 137 (C.M.A.1975). An accused is entitled · to have instructions presented relating to any defense theory for which there is evidentiary support. *United States v. Thompkins,* 2 M.J. 1249 (A.F.C.M. R.1976). However, neither the defense nor the government is entitled to have particular favorable facts singled out and given undue emphasis. *United States v. Thompkins, supra.*

With no evidence that the accused acted as an aider and abettor, we find that the military judge erred in giving the instruction on the law of principals in this case. Depending on which version of the facts is believed, the accused either made the transfer himself, or the transfer was made by Johnson. There is no credible evidence that the accused aided and abetted Johnson in the transfer. Thus, at most, the prosecution showed that the accused was present at the time the transfer was made. Presence at the scene of a crime does not constitute the accused an aider and abettor. *United States v. Dire,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *United States v. Pope,* 3 M.J. 1037 (A.F.C.M.R.1977). The accused must be an active participant in the crime, not merely a knowing spectator. *United States v. Garguilo,* 310 F.2d 249 (2d Cir.1962); *United States v. Pope, supra.*

This error in instructions must be tested for prejudice. *United States v. Cobb,* 7 M.J. 696 (N.C.M.R.1979). The instruction incorrectly permitted the court members to make a compromise finding. They could have believed the accused's version of the facts, and, nevertheless, still have convicted him as an aider and abetter. *United States v. Jefferson,* 13 M.J. 779 (A.F.C.M.R.1982).

Since there is some likelihood that the instruction caused the accused to be convicted on an erroneous premise, reversal is mandated.

Accordingly, only so much of the findings as find the accused guilty of a single specification of dereliction in the performance of his duties is approved. The remaining findings of guilty are set aside. The record is returned to The Judge Advocate General for transmittal to the convening authority, who may order a rehearing on the charge and specification set aside and on the sentence, or, in the alternative, dismiss that charge, and reassess the sentence on the basis of the approved findings of guilty.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.