**UNITED STATES, Appellee,**

v.

**Private E–2 Derrick L. BOONE,
223–23–7212, United States
Army, Appellant.**

**ACMR X000052.**

U.S. Army Court of Military Review.

8 May 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC, Captain William E. Slade, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Richard D. Rubino, JAGC (on brief).

Before PAULEY, De GIULIO and KENNETT, Appellate Military Judges.

### OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by a military judge sitting as a special court-martial for larceny, wrongful appropriation and housebreaking in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930 (1982). He pled not guilty of larceny, but guilty of the lesser included offense of wrongful appropriation, guilty of wrongful appropriation as charged and not guilty of housebreaking, but guilty of the lesser included offense of unlawful entry. He was found guilty as charged and sentenced to a bad-conduct discharge, confinement for four months, forfeiture of $426.00 pay per month for four months and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that the military judge erred by entering findings twice at trial

and by sentencing appellant based on the second set of findings. We agree that the military judge erroneously entered findings twice, but find no prejudice to appellant.

Upon completion of the providence inquiry by the military judge, the following appears on the record:

MJ: Private [E–2] Derrick L. Boone, in accordance with your pleas of guilty, this court-martial finds you as follows:

To Specification 1 of Charge I: Guilty, except the word "steal"; substituting therefor the words "wrongfully appropriate"; Of the excepted words Not Guilty, Of the substituted words Guilty. Of Specification 2 of Charge I: Guilty. Of Charge I: Guilty.

Of the Specification of Charge II: Guilty, except the words "number 202 of building number 3719, the military property of the United States, with the intent to commit a criminal offense, to wit: larceny, therein"; substituting therefor the words "Of Spec(sic) Four Carlton C. Davis(sic)."

DC: Sir, that should be "Davy".

MJ: Davy. Excuse me.

Of the substituted words—or of the accepted [sic] words Not Guilty, Of the substituted words Guilty. Of the Charge: Not Guilty, but Guilty of a violation of Article 134.

You may be seated.

[Accused and Defense Counsel resume their seats] All right. Now we're going to enter into the contested phase of the case?

Subsequently, the prosecution proceeded to present evidence on the major offenses and appellant was found guilty as charged. Neither trial nor defense counsel objected to this procedure.

Appellant cites *United States v. Hitchcock*, 6 M.J. 188 (C.M.A.1979) and *United States v. Boswell*, 23 C.M.R. 369 (C.M.A. 1957), to support his contention that entry of the first set of findings precluded consideration of evidence on the merits of the case. We believe those cases can be distinguished from the case *sub judice*. In *Hitchcock* the military judge granted a motion for a finding of not guilty, but reversed that ruling one and one-half hours later after being presented case law contrary to his ruling. Although the finding was based upon an erroneous perception of law, it was clear that the military judge intended at the time of the initial ruling to find appellant not guilty of the offense. The Court of Military Appeals held that finding of not guilty could not be reconsidered.

In *Boswell*, court members found an accused not guilty of desertion but guilty of escape from confinement. The law officer instructed the court that escape from confinement was not a lesser included offense of desertion and ordered the court members to reconsider their findings in light of the proper lesser included offense of absence without leave. The members returned a finding of guilty of absence without leave. The Court of Military Appeals held that the finding of not guilty of the major offense was a finding of not guilty of the lesser offense. In that case, it was clear that the members intended a finding of not guilty to desertion.

The case before us is different from *Hitchcock* and *Boswell*. Here, it is clear that the military judge did not intend findings to the lesser offenses to be acquittals of the charged offenses because he immediately asked the prosecution to proceed with the evidence of the major offenses.

 Generally, a liberal rule is followed in interpreting jury verdicts. *United States v. Darden*, 1 M.J. 574, 575 (A.C. M.R.1975). Informalities or inaccuracies in a verdict are immaterial if the intention is evident from the record. *United States v. Moser*, 23 M.J. 568 (A.C.M.R.1986); *United States v. Johnson*, 22 M.J. 945 (A.C.M.R. 1986); *United States v. McCready*, 17 C.M.R. 449 (A.B.R.1954). Applying these rules to the case *sub judice*, we find that the military judge's comments immediately after his erroneous entry [1] of the first set

---

1. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter

of findings made it clear that he did not intend them to be his verdict, but rather that he expected the government to proceed with its proof. It appears that the parties to the trial understood what was occurring because neither trial nor defense counsel objected. It is clear to us, considering the circumstances of this case, that the military judge intended to find the accused guilty of all offenses as charged.

We find no merit to the suggestion that failure of defense counsel to object was ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge KENNETT concur.

R.C.M.] 922(c) provides, "[t]he military judge shall announce the findings when trial is by military judge alone *or when findings may be entered under R.C.M. 910(g)*." [Emphasis added]. R.C.M. 910(g) provides, "[f]indings based on a plea of guilty may be entered immediately upon acceptance of the plea at an Article 39(a) [UCMJ] session unless: ... (2) [t]he plea is to a lesser included offense and the prosecution intends to proceed to trial on the offense as charged...."; *See also* Department of the Army Pamphlet 27-9, Military Judges' Benchbook, para. 2-14 n. 2 (15 February 1985) which provides, "[i]n a judge alone case and if the accused has providently plead guilty to only some of the offenses charged or to a lesser included offense and the prosecution intends to offer evidence on the remaining or major offense the announcement of all findings should be reserved until the conclusion of evidence on the merits. (The judge should now proceed with opening statements, trial on the merits and findings.) (See Procedure After Findings, para. 2-22c.)."