**UNITED STATES, Appellee,**

v.

**Private First Class Ronald W. GUERRE-RO, 392–80–0882, United States Army, Appellant.**

**ACMR 8700387.**

U.S. Army Court of Military Review.

12 Feb. 1988.

For Appellant: Major Russell S. Estey, JAGC, Captain Stephen W. Bross, JAGC, Captain Donna L. Wilkins, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before HOLDAWAY, De GIULIO and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Pursuant to his pleas, appellant was found guilty by a military judge sitting as a general court-martial of two specifications of obstructing justice, wrongfully leaving the scene of an accident, three specifications of aggravated assault, and wrongful damage to private property. He was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to Private E–1. The convening authority approved only so much of the sentence as provides for a dishonorable discharge, forfeiture of $438.00 pay per month for three years, confinement for three years, and reduction to Private E–1.

Only three of the five errors briefed by appellant warrant discussion. In essence, they are: (1) Appellant's pretrial restriction from 7 January to 18 February 1987 was tantamount to confinement entitling him to administrative credit; (2) appellant's trial defense counsel was ineffective in failing to request administrative credit; and (3) the pretrial agreement permits approval of a forfeiture of no more than two-thirds pay and allowances for one month allocated over a period of three years.

We will also discuss an additional error brought to the court's attention in a footnote to appellant's brief.

We hold that appellant waived the issue of whether his restriction was tantamount to confinement, that his counsel was effective, and that under the terms of the pretrial agreement the convening authority could only approve a forfeiture of $438.00 pay.

■ Pending trial for the offenses before this court, appellant was restricted to the military installation on 28 November 1986. After he had apparently breached his restriction, on 7 January 1987, he was restricted to his room, the latrine, the chapel, mess hall and other places deemed to be his place of duty as long as he was escorted by a noncommissioned officer [hereinafter NCO]. During off-duty time he could go any other place necessary provided he was escorted by an NCO. He was required "to sign in" with the CQ (Charge of Quarters) every 30 minutes until normal "lights out" for the company. At trial, when asked by the military judge if there was an issue of restriction tantamount to confinement, civilian defense counsel stated, "[t]he defense position is that we do not claim it was [restriction] tantamount to confinement...." Appellant now alleges that his pretrial restriction from 7 January 1987 to 18 February 1987 was tantamount to confinement for which he is entitled to administrative credit. We need not decide this issue as it was expressly waived at trial.

In *United States v. Ecoffey*, 23 M.J. 629 (A.C.M.R.1986), this court announced that 90 days from 23 October 1986, the issue of administrative credit for restriction tantamount to confinement would be waived unless raised at trial. Appellant's offenses occurred on 28 November 1986. On that date, he was placed on restriction which continued until trial. An Article 39(a), Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 839(a) session was held on 12 January 1987, and trial was held on 18 February 1987. The civilian defense counsel's denial of the existence of restriction tantamount to confinement was on 18 February 1987, several weeks after the 90-day waiting period had elapsed for the application of *Ecoffey*. It would be difficult to find a more appropriate instance to apply the *Ecoffey* waiver rule than the case before us. Here, defense counsel explicitly refused to raise the issue at trial. We therefore hold that the issue of restriction tantamount to confinement was waived.

■ The appellant attempts to avoid waiver by claiming "ineffective assistance of counsel" in that counsel failed to raise the issue at trial. The remedy sought is permission to raise the issue on appeal. That cannot be permitted. A counsel who fails to raise a legitimate issue at trial will often be inadequate *as to that particular issue*.[1] However, such a failure is not *per*

---

1. With the *caveat* that, depending on the circumstances, a challenged act or omission by counsel might be considered sound trial strategy.

*se* inadequate representation. *See United States v. Scott,* 24 M.J. 186, 188 (C.M.A. 1987) (an accused is entitled to a reasonably competent counsel, and an allegation of ineffectiveness requires a showing of serious incompetency). More is required. An appellant must show that the representation considered as a whole was so seriously deficient as to deny him effective counsel within the meaning of the sixth amendment. *See generally Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If we were to apply a lesser standard and apply it episodically to non-critical issues then we would, in effect, entirely emasculate the rules of waiver. Waiver is a salutary principle that, when appropriately applied, imposes responsibility on the defense bar. We decline to weaken it in the manner requested by appellant.

■ Appellant further alleges that the pretrial agreement provision limiting forfeiture to "⅔ pay and allowances for 3 years" permits approval of a forfeiture of no more than two-thirds pay and allowances for one month allocated over a period of three years. We agree that the provision limits the forfeiture to two-thirds of one month's pay, but disagree that it applies to allowances and must be allocated over a period of three years.

After receiving the proposed pretrial agreement, it appears the staff judge advocate changed the forfeiture provision in the quantum portion to indicate that the convening authority would approve no forfeiture "in excess of ⅔ pay and allowances for 3 years." [2] It has long been held that omitting the words "per month" is a legal sentence of a forfeiture of the sum stated for one month only. *United States v. Roman,* 46 C.M.R. 78 (C.M.A.1972); *United States v. Johnson,* 32 C.M.R. 127 (C.M.A. 1962); *United States v. Watson,* 5 C.M.R. 476 (A.C.M.R.1952). We hold, therefore, that the pretrial agreement provision limiting forfeitures of ⅔ pay ($438.00) is for one month.[3]

Although not alleged as an error,[4] we note that appellant pled guilty by exceptions and substitutions to the reckless and wrongful waste of private property (Specification 2, Charge II). Although no evidence was presented on the merits, the military judge found appellant guilty as charged. It is also noted that the pretrial agreement requires appellant to plead by exceptions and substitutions. Informalities or inaccuracies in a verdict have been held to be immaterial if the intention of the parties is evident from the record. *United States v. Boone,* 24 M.J. 680 (A.C.M.R. 1987). We have no doubt that subsequent prosecution is barred for the same offense. *See United States v. Johnson,* 22 M.J. 945, 946 (A.C.M.R.1986), *petition denied,* 23 M.J. 253 (C.M.A.1986). We are convinced that the military judge intended to find appellant guilty in accordance with his pleas. His finding to that specification was merely inaccurate. We will cure any error in our decretal paragraph.

Other allegations of error, to include those personally raised by appellant, are without merit.

Only so much of the finding of guilty of Specification 2, Charge II, is affirmed as finds appellant guilty of reckless and wrongful waste of private property of a value of $750.00. The remaining findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a dishonorable discharge, confinement for three years, forfeiture of $438.00 pay for

---

**2.** There is no provision for forfeiture of "⅔ allowances." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1003(b)(2) provides in part, "[a]llowances shall be subject to forfeiture only when the sentence includes forfeiture of all pay and allowances."

**3.** Although not at issue in this case, this court is aware that the pretrial agreement and the convening authority's action does state the forfeitures in years rather than months as required by R.C.M. 1003(b)(2). *See United States v. Mullens,* 25 M.J. 708 (A.C.M.R.1987); *United States v. Perry,* 24 M.J. 557 (A.C.M.R.1987). We need not address this issue further in light of our disposition as to sentence.

**4.** This error was brought to this court's attention in a footnote to appellant's brief.

one month and reduction to the grade of Private E-1.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.