# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, COOK, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class STEPHEN J. FOWLER**
**United States Army, Appellant**

ARMY 20121079

Headquarters, 1st Cavalry Division
Jeffrey W. Hart, Military Judge
Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant:  Captain Amanda R. McNeil, JA (argued); Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA (on brief).

For Appellee:  Captain Christopher A. Clausen, JA (argued); Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Michael J. Frank, JA (on brief).

30 April 2015

--------------------------------
OPINION OF THE COURT
--------------------------------

KRAUSS, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of desertion in violation of Article 85, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 885 (2006).  The convening authority approved the adjudged sentence of a bad-conduct discharge, three months confinement, and reduction to the grade of E-1.  Appellant was credited with three days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns two errors and raises one matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  Appellant's complaint that he suffered double jeopardy warrants discussion but no relief.

**FACTS**

Charged with desertion, appellant pled guilty to the lesser-included offense of absence without leave (AWOL) in violation of Article 86, UCMJ.  The judge advised appellant that his "plea of guilty to a lesser included offense may also be used to establish certain elements of the charged offense if the government decides to proceed on the charged offense."  The judge did not ask and the trial counsel did not declare whether the government intended to proceed on the greater charge.

Upon acceptance of that plea, the judge announced findings:  "To the Specification of The Charge: Guilty, except the words, 'and with the intent to remain away therefrom permanently' and 'in desertion.'  Of the Charge:  Not Guilty, but guilty of a violation of . . . Article 86."

Immediately after this announcement, the assistant trial counsel stated:  "Your Honor, we're still contesting the Article 85 charge.  I just wanted to make sure that this proceeding doesn't result in him being found guilty of both an Article 86 and an Article 85.  I know you just--."  After which the following exchange ensued:

> MJ:  Okay.  What we'll do is I'll merge those at the end. We'll see what happens with the government's evidence.
>
> ATC:  Yes, sir.
>
> MJ:  I appreciate that, Government.  Defense, does the defense have any objection to that?
>
> DC:  To?
>
> MJ:  [T]he government is still moving forward on the Article 85 charge.  It hasn't dismissed the Article 85 charge.  And so, at this point, my intention then is that if the accused is guilty of the Article 85 desertion charge, then that would merge with this Article 86.
>
> DC:  I guess, sir, my objection is mostly my own confusion.  He's only--because the original DFR charge sheet was dismissed, he's only pending Article 85 and he's plead guilty to Article 86.  [If] [t]he government had wanted to move forward with the greater offense of Article 85 then that should have been done prior to findings.  I don't think that merger for sentencing would be appropriate where he's only been charged with one offense and he's pled guilty to a lesser included of that

2

offense. But that's just my legal confusion and I just don't know the process for it.

MJ: Okay.

ATC: Your Honor, at this point, I don't think there is any issue with you undoing your finding and reserving finding until after we've put on our evidence.

MJ: Okay. I'm going [to] proceed in that regard. I'm going to withdraw the findings and then have the government go forward with its case-in-chief. Does the defense have any objection?

DC: Not to that, Your Honor.

The government then proceeded to introduce evidence to prove that appellant had the intent to remain away permanently. After the government rested, the defense presented no evidence, the parties argued, and the judge announced appellant guilty as charged.

## LAW & DISCUSSION

Appellant now complains that once the judge announced a finding of not guilty to the charged desertion, he was acquitted of that charge, and his right to be free of double jeopardy was therefore violated when he was subsequently subjected to conviction on the same charge.

There is certainly no dispute over the fact that the judge announced appellant "not guilty" of the desertion charge upon acceptance of his plea of guilty to AWOL. The question is whether that announced finding of "not guilty" amounts to an acquittal as a matter of law. If it does, then appellant's subsequent conviction on the same charge violates his constitutional and Article 44, UCMJ, guarantee of protection against double jeopardy. If it does not, then appellant's conviction for desertion stands. *See generally United States v. Hitchcock*, 6 M.J. 188, 189-90 (C.M.A. 1979).

An announced finding of "not guilty" amounts to an acquittal if it effects a "ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Evans v. Michigan*, 133 S. Ct. 1069, 1074-75 (2013). An acquittal is "a finding that the [government]'s evidence cannot support a conviction." *Martinez v. Illinois*, 134 S. Ct. 2070, 2076 (2014).

Of course, the objective of a court-martial is a fair trial. Our adversarial system, by its very nature, requires that each party enjoy an opportunity to present its respective case to the factfinder. A military judge possesses no authority to prevent the United States from attempting to prove the charge it has otherwise properly referred to trial by court-martial by peremptorily announcing a finding of not guilty. *See United States v. Greening*, 54 M.J. 831, 832 (C.G. Ct. Crim. App. 2001) (acknowledging *United States v. Varnell*, 4 M.J. 111 (C.M.A. 1977) (summ. disp.) and *United States v. Bryant*, 22 U.S.C.M.A. 36, 46 C.M.R. 36 (1972));[1] *see also United States v. Boone*, 24 M.J. 680 (A.C.M.R. 1987); Rule for Courts-Martial [hereinafter R.C.M.] 910(g)(2) (judges should not announce findings of guilty to a lesser offense upon acceptance of plea of guilty if the government intends to proceed on the greater offense).[2]

Any such declaration of not guilty is ineffective. This is true whether the judge makes such announcement on purpose or by mistake. *See United States v. Downs*, 4 U.S.C.M.A. 8, 11-12, 15 C.M.R. 8, 11-12 (1954); *Greening*, 54 M.J. at 832; *see also United States v. Boswell*, 8 U.S.C.M.A. 145, 149, 23 C.M.R. 369, 373 (1957) (when announcement of not guilty is a "slip of the tongue" it can be corrected); R.C.M. 922(d); R.C.M. 1102(c)(2).

Here the military judge erroneously announced a finding of not guilty to the charged desertion before the government was given an opportunity to prove that charge. It appears that the judge, in the moment, did indeed intend to make that announcement; however, it is also quite plain from the record that the judge did not intend to prevent the government from proceeding. In any event, under circumstances such as these, it matters not whether the judge intended to announce a finding of not guilty. A finding of not guilty announced before the government enjoys a proper opportunity to prove its case does not constitute an acquittal. *See Martinez*, 134 S. Ct. at 2076-77.

---

[1] *United States v. Varnell*, 4 M.J. 111, relied on *United States v. Bohl*, 3 M.J. 385 (C.M.A. 1977) (summ. disp.). In *Bohl*, the Court of Appeals for the Armed Forces stated: "Although a trial judge may entertain pleas to a lesser included offense from an accused, he cannot enter findings to those lesser included offenses, thereby precluding prosecution of the greater charged offense by the government and findings of guilty to these offenses as charged by the court members, without the specific acquiescence of the government." 3 M.J. at 385.

[2] The Military Judges' Benchbook also notes that where an accused pleads guilty to a lesser included offense, military judges are advised to ascertain whether the government is going forward on the offenses to which the accused pleads not guilty, and, if so, to refrain from entering findings. *See* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-2-8 note (1 Jan. 2010).

Therefore, appellant's double jeopardy concerns are unfounded. *See id.*

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge LIND and Senior Judge COOK concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court