UNITED STATES

·v.

Alvin J. OLIVARI, Seaman,
U.S. Coast Guard.

CGCMS 24009.
Docket No. 977.

U.S. Coast Guard Court of
Military Review.

Nov. 25, 1991.

Trial Counsel: LT Mark R. Higgins, USCG.

Assistant Trial Counsel: LT Henry M. Bobotek, USCGR.

Defense Counsel: LCDR Eglee W. Perez, USCG.

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LT Garland Walker, USCGR.

Before Panel One, BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

Appellant pled guilty to one charge and its specification alleging cocaine use in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. He was convicted pursuant to those pleas of guilty and sentenced by a special court-martial consisting of two officers and one enlisted member to a bad conduct discharge, confinement for four months, and reduction to pay-grade E–1. The Convening Authority approved the sentence as adjudged after considering a petition for clemency submitted by Trial Defense Counsel. That petition also contained two assertions of legal error which were answered by the Staff Judge Advocate in his recommendation to the Convening Authority.

Before this Court, Appellant has assigned the following four errors, of which the first and second are reassertions of the two submitted to the Convening Authority:

I

THAT THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S CHALLENGE FOR CAUSE AGAINST THE SENIOR PANEL MEMBER

II

POST TRIAL DELAY IN PRODUCTION OF THE RECORD OF TRIAL DENIED THE CONVENING AUTHORITY ALL OPPORTUNITY TO REDUCE APPELLANT'S TERM OF CONFINEMENT AS A MATTER OF CLEMENCY

III

IMPROPER AND INFLAMMATORY SENTENCING ARGUMENT BY THE ASSISTANT TRIAL COUNSEL CAUSED THE COURT–MARTIAL TO ADJUDGE A BAD CONDUCT DISCHARGE

IV

THE MEMBERS OF THE COURT WERE MISINFORMED BY THE MILITARY JUDGE'S INSTRUCTIONS ON SENTENCE

Briefs on all assignments have been received and the last assigned error was orally argued to the Court.

## Assignment of Error I

■ As indicated, this purported error was raised with the Convening Authority. The Staff Judge Advocate advised that it was without merit and we agree. The military judge's denial of the defense challenge for cause of the Court's senior member was appropriately grounded in the member's voir dire responses. Accordingly, we cannot say the denial was an abuse of discretion. Moreover, as explained by Appellate Government Counsel, the Trial Defense Counsel failed to preserve the issue for appellate review in accord with Rule for Courts–Martial (R.C.M.) 912(f)(4). Upon peremptorily challenging the member, Defense Counsel did not state that the peremptory challenge would have been exercised against another member if the challenge for cause had been granted. Assignment of Error I is rejected.

## Assignment of Error II

■ With respect to the second assignment of error, we agree that the delay in preparation of the 153 page guilty-plea record of trial was excessive. The Convening Authority in his letter forwarding the record for appellate review acknowledged that it took 180 days for the legal office to prepare the record, giving as the reason for the elapsed time the following:

Typing, proofreading, editing, and preparation of exhibits. Numerous and prolonged periods of downtime in the computer system, and at one point the loss of over 50 pages from another record of trial and the court reporter's personal problems, primarily associated with pregnancy and becoming a single parent prevented continuous productivity on the record of trial.

Commander, Greater Antilles Section letter dated April 22, 1991.

We do not accept these reasons as justifying the length of delay presented. The Coast Guard has been plagued by post-trial delays in the past, leading to draconian consequences on appeal. *See U.S. v. Clevidence*, 14 M.J. 17 (C.M.A.1982), where findings and sentence were disapproved and dismissed because of post-trial delay. We had thought that lapses of the order encountered here were a thing of the past, but this case brings home the fact that the problem is still with us. Four years ago we issued storm warnings on this matter. *U.S. v. Amparo*, 25 M.J. 722 (C.G.C.M.R.1987). Those warnings must now be repeated. Delays of this nature cannot be allowed to continue! Otherwise, the kind of remedy fashioned in *U.S. v. Clevidence, supra*, will likely follow.

■ Before taking such drastic action, however, we must find that Appellant has been prejudiced in some manner by the delay. Appellant says that prejudice occurred when he was forced to serve his four months confinement before the record was prepared and that reduction of the confinement as clemency was, therefore, precluded. In response, Government Counsel points out that the Trial Defense Counsel was free to submit a petition for clemency to the Convening Authority immediately after trial. Moreover, if the record of trial was needed in order to effectively plead for clemency, counsel could have requested that the Convening Authority defer confinement until his action on the record.

Deferment of confinement was not requested in this case. As a result, we are not disposed to say that the delay in record preparation was the cause for the asserted prejudice, rather than the failure to request deferment. Counsel cannot sit idly by, failing to apply for deferment, and then be heard to complain that the appellant has been prejudiced by the service of confinement. If appellant had requested deferment of the confinement and that request had been denied by the Convening Authority, then an issue of prejudice from the delay would be presented. While we deplore the delay reflected in this case, without a request for deferment of confinement, we are unable to say that the 180 days it took to prepare the record resulted in the prejudice appellant asserts. Assignment of Error II is rejected.

### Assignment of Error III

■ In Assignment of Error III, Appellant submits that the Assistant Trial Counsel's argument on sentence presented an improper and inflammatory appeal to the emotions of the court members, misstated the law, argued facts not in evidence, and urged the court to infer and consider uncharged misconduct. In all those areas the Assistant Trial Counsel came dangerously close to the line between proper and improper argument. Indeed, in some instances he may have even crossed that line. A good example is the statement to the members that, "Drug use is a serious federal crime." Characterization of drug use as a federal crime is at best misleading. As Appellate Defense Counsel correctly notes, drug use is a military crime, but it is not a federal crime. For some people, military crimes arguably equate to federal crimes, but calling the offense of unaggravated use of a controlled substance a *serious federal* crime certainly crossed the line.

■ Trial Defense Counsel failed to object to this remark, as well as all but one of the others complained of now. Most counsel are loathe to interrupt the flow of argument of opposing counsel unless absolutely necessary, such as when the argument clearly exceeds the bounds of propriety. Here, it undoubtedly did not reach that point in the mind of Trial Defense Counsel, except in the one instance where the judge, contrary to appellant's assertion here, correctly overruled the objection. Even though Trial Defense Counsel did not raise other objections to the argument, she could have asked for instructions from the judge to counter improprieties, if she had discerned any upon reflection.

Her failure to do so leads us to believe that the argument was not as egregious as it might seem at this point. We agree with Appellate Government Counsel that, absent objection of Defense Counsel, whatever

missteps were committed by Assistant Trial Counsel do not rise to the level of plain error. Accordingly, Assignment of Error III is rejected.

### Assignment of Error IV

■ In Assignment of Error IV, Appellant challenges a portion of the judge's sentencing instructions which essentially followed the Coast Guard General and Special Court–Martial Trial Guide. The judge instructed: "Finally, in your determination of an appropriate sentence, you may not take any administrative procedures or regulations that may apply outside this Court into account." Record of Trial at page 144. Appellant argues that all Coast Guard members are aware of Coast Guard drug abuse policy which calls for administrative separation processing of anyone involved in the kind of drug incident before the Court. In light of this knowledge, Appellant says that when the judge instructed the members that they could not take into account any administrative procedures and followed that with an instruction that, "a bad conduct discharge is the only type of discharge that this court is authorized to adjudge," record of trial at page 145, it is likely that the court members were misled into adjudging a bad conduct discharge. This is so, according to Appellant, because the instruction fails to differentiate between determinations of service desirability and appropriate punishment. Moreover, as Appellant points out, "because of its nature as punishment, a punitive discharge is not intended to serve as an administrative tool to separate an undesirable service member." Appellate Defense Brief at page 4.

Appellant acknowledges that the judge's instructions were in accord with the law and, therefore, not error as such. He argues that when they were coupled with the Assistant Trial Counsel's argument, however, they took on a prejudicial cast, potentially causing the members to believe that a bad conduct discharge should be used to accomplish the purely administrative goal of separation. In other words, if the Court members merely agreed that the Coast Guard should be rid of a convicted drug user, the judge's instruction and counsel's argument may have led them to the inaccurate conclusion that a punitive discharge should be utilized for this purpose.

Assistant Trial Counsel's initial sentence argument bearing on this matter was:

It seems that even though some members of the court may be aware that there are often administrative consequences, you should not, and must not consider these possible consequences, in your deliberations. You are the sole awarders of appropriate punishment of Seaman Olivari. And if you, as the government does, believe that he must be separated from the service, there's only one way you can do that, and that is to award Seaman Olivari a bad conduct discharge.

Later in his rebuttal argument, Assistant Trial Counsel followed with this statement:

This court cannot consider any other type of discharge other than a bad conduct discharge. If you consider the accused actions to be intolerable in the Coast Guard, and that person should not be in the Coast Guard, the only discharge you can consider is a bad conduct discharge.

Record of Trial at page 140 and 143.

We do not find plain error from the combination of these arguments and the complained of instructions, such that even in the absence of defense objection the trial judge should have taken corrective action. That no additional instructions by the judge were required is clear from the thoroughness of those he gave. His sentencing instructions covered five single spaced pages of the record of trial and did address the punitive nature of a bad conduct discharge.

■ Having said this, we are still left with a nagging concern that the Court members may have chosen to effect Appellant's discharge from the Coast Guard without fully recognizing the overriding punitive aspects of a bad conduct discharge. Unless the court members were convinced that a bad conduct discharge was appropriate as *punishment* for this accused and his offense, it should not have

been imposed. If, through the combination of argument and instruction, they were misled into thinking that they had to adjudge such a sentence in order to effect his separation from the service, it was a mistake which should be rectified.

■ Accordingly, we are disposed in this case to exercise our plenary review authority as spelled out in *U.S. v. Claxton,* 32 M.J. 159 (C.M.A.1991). The Court of Military Appeals said in that case:

> If the Court of Military Review, in the interest of justice, determines that a certain finding or sentence should not be approved—by reason of the receipt of improper testimony or otherwise—the court need not approve such finding or sentence.

*Id.* at 162.

In our view, the bad conduct discharge, may have been imposed as a result of a misunderstanding on the part of the court members. Their responsibility was to impose punishment, not to use the only discharge available to them simply as a means for separating the accused from the Coast Guard. In the interest of justice, we will not approve the bad conduct discharge, confident in the knowledge that Coast Guard administrative separation procedures remain available, if appropriate authority determines that is in the best interest of the Coast Guard.

In light of the foregoing, the bad conduct discharge is set aside. The findings of guilty and the remainder of the sentence approved by the Convening Authority are affirmed.

Judges BRIDGMAN and SHKOR concur.