UNITED STATES

v.

**John L. RICHARDSON, Machinery Technician Second Class, U.S. Coast Guard.**

CGCMS 24012
Docket No. 978.

U.S. Coast Guard Court of Military Review.

Dec. 5, 1991.

Trial Counsel: LT Mark R. Higgins, USCG.

Assistant Trial Counsel: LT Henry M. Bobotek, USCGR.

Defense Counsel: LCDR Eglee W. Perez, USCG.

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Two, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of one specification of cocaine use in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a and was sentenced to a bad conduct discharge, confinement for four months and reduction to E–1. That sentence was approved by the Convening Authority. Before this Court, Appellant has assigned three errors: that he was convicted of wrongful use of cocaine on the basis of uncharged adultery misconduct; that improper sentencing argument by Trial Counsel led to an inappropriate sentence; and that post-trial delay in production of the record of trial denied the Convening Authority all opportunity to reduce Appellant's term of confinement as a matter of clemency. Oral argument having been heard on December 4, 1991, the case is now ready for decision.

Appellant's three assignments of error are rejected. The uncharged adultery misconduct was established on cross-examination of Appellant after he had testified on direct examination concerning intimate con-

tact with a woman not his wife, who he said he later found out was a cocaine addict. That contact included "french kissing" which Appellant believed accounted for his testing positive for cocaine on a subsequent urinalysis test. Evidence had been presented earlier by the defense as to Appellant's good military character and Appellant acknowledges that "adultery is probably relevant to rebut a modern good military character defense ..." Brief for Appellant at page 5. His complaint seems to be that the Government pursued this matter with too much energy so that, "the relevance of the inquiry was outweighed by the vigor with which it was pursued." Brief for Appellant at page 5. We disagree.

As the Government has pointed out, the defense plan of eliciting general military character was precarious strategy because the evidence of adultery and evidence of appellant's lying to his wife about it were relevant rebuttal. In rejecting the first assignment of error, we agree with the Government's conclusion that, after application of the Military Rule of Evidence (M.R.E.) 403 balancing test, the probative value of that rebuttal testimony was not outweighed by the danger of unfair prejudice.

We also agree with the Government that the defense's failure to object to any of the purported argument improprieties with respect to sentencing waived the issues raised in the second assignment of error, unless the Government argument amounted to plain error. We find neither plain error nor any basis for action under our plenary review authority as we exercised in *U.S. v. Olivari*, 33 M.J. 933 (C.G.C.M.R.1991). Accordingly, Assignment of Error Two is rejected.

Our response to the third assignment of error is the same as that in *Olivari, supra*. Preparation of the instant record of trial took about as long as it did in *U.S. v. Olivari, supra*. Both cases were convened by the same authority, the reasons given for the delay are similar and the assigned error relating to that delay is essentially the same. We repeat our condemnation of the record delay, but, in so doing, must acknowledge, again, that prejudice from that delay has not been demonstrated. Here, as in *Olivari*, deferment of the confinement until action by the Convening Authority could have been requested but was not.[1] Absence of such a request and its denial, leaves us unreceptive to the assertion that the service of all confinement before the Convening Authority acted was the prejudicial result of the delay in preparing the record of trial. For that reason, just as we did in *U.S. v. Olivari, supra*, we have rejected assignment three.

We have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence approved below are affirmed.

Judges GRACE and BASTEK concur.

1. Just before the Court adjourned, defense counsel indicated on the record "that a request for deferment of confinement had been handed to the trial counsel ... for delivery to the convening authority for his consideration." Record of Trial at page 294. No written request for deferment is attached to the record and there is no further indication that one was ever submitted. Moreover, Defense Counsel's request for clemency does not mention such a request and the Staff Judge Advocate's recommendation to the Convening Authority under R.C.M. 1106, M.C.M.1984 expressly states that he notes "from the material in the record of trial, that the accused failed to request a deferment of confinement until the convening authority's action." Staff Judge Advocate Recommendation at page 2. Because of the statement of Defense Counsel in the record of trial, Appellate Government Counsel and Appellate Defense Counsel were queried concerning this matter and they have assured the Court that the statement in the record simply refers to a request for brief delay in the commencement of confinement in order to allow the accused to place his affairs in order before incarceration. That request was granted and the accused, thereafter, started serving his confinement in accordance with his desires to get it over with.