Seaman Jose M. COLLAZO, USCG

v.

Vice Admiral Paul A. WELLING, USCG
Commander Atlantic Area.

Misc. Docket No. 001–92.

U.S. Coast Guard Court of
Military Review.

Feb. 27, 1992.

Order March 30, 1992.

Military Judge: CAPT Douglas A. Smith, USCG.

Trial Counsel: CDR Peter K. Mitchell, USCG.

Detailed Defense Counsel: LCDR Keith B. Letourneau, USCG.

Appellate Counsel for Petitioner: LCDR G Arthur Robbins, USCG.

Appellate Counsel for Respondent: LCDR Charles J. Bennardini, USCG.

Before Panel One, BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS AND A WRIT OF HABEAS CORPUS

BAUM, Chief Judge:

## I

### Background

Confined by general court-martial sentence since 20 September 1991, Seaman Jose M. Collazo, USCG, through his detailed trial defense counsel, petitioned this Court on 31 December 1991 for extraordinary relief in the nature of a writ of mandamus and a writ of habeas corpus, after efforts to obtain clemency action from Respondent convening authority had failed due to lack of a record of trial. That trial was completed on 20 September 1991 after Seaman Collazo pled guilty to three offenses pursuant to a pretrial agreement. Upon conviction of those offenses, attempted sodomy, conspiracy to obstruct justice and making a false statement under oath, Seaman Collazo was sentenced to reduction to E-1, forfeitures of $125 per month for six months and confinement for five months. He commenced serving the confinement the day sentence was adjudged, after a request for a three-day deferment was denied by Commander, Coast Guard Maintenance and Logistics Command Pacific (MLCPAC), the officer exercising general court-martial authority over USCGC Hamilton, the accused's ship at the time of trial.

On 29 November 1991, the detailed defense counsel, citing R.C.M. 1105, M.C.M., 1984, submitted a clemency petition to the Respondent convening authority requesting disapproval of the conviction of attempted sodomy and reduction of Seaman Collazo's sentence accordingly; specifically, the accused's adjudged sentence to confinement beyond 5 January 1992, as well as his adjudged forfeitures and reduction in paygrade below E-3. Since the record of trial had not been completed, the accused reserved the right to submit additional matters within ten days of the receipt of the authenticated record pursuant to R.C.M. 1105, M.C.M., 1984.

On 20 December 1991, defense counsel was advised by letter from the convening authority that without service on the accused of an authenticated copy of the record of trial or the recommendation of the staff judge advocate, action under R.C.M. 1107, M.C.M., 1984, could not be taken at that time. That letter, which trial counsel signed "by direction" of the convening authority, was received by the defense counsel on 24 December 1991. The defense counsel interpreted the letter as stating that the convening authority was powerless to act on the clemency petition before authentication of the record of trial, unless the accused was willing to waive the right to submit additional clemency matters to the convening authority.

With no action forthcoming on the request for clemency and no authenticated record in sight, or even a draft submitted to defense counsel for review, counsel filed with this Court on 31 December 1991 for a writ of mandamus to compel Respondent to timely consider the clemency petition and a writ of habeas corpus ordering Petitioner's immediate release from confinement. On the same date, this Court ordered Respondent to show cause why the relief requested should not be granted. Respondent's answer submitted documents showing that, after petitioning the Court, Petitioner submitted a request for deferment of confinement to the convening authority. That request was granted, effective from 2 January 1992 until action on the record, with leave for the accused to request additional deferment upon the convening authority taking action.

## II

### Argument

Based on Seaman Collazo's release from the brig upon the deferment of his confinement, Respondent submits that Petitioner is suffering no prejudice awaiting action on the record and that there is no longer a reason for the convening authority to consider any request for clemency before action is taken pursuant to R.C.M. 1107,

M.C.M., 1984. Accordingly, Respondent contends that by granting the deferment, both writ requests have been resolved and the Petition for Extraordinary Relief is moot.

Petitioner disagrees. In answer to Respondent, he says that there are three reasons why his claim for relief is not moot:

First, though he has deferred the unserved portion of Seaman Collazo's sentenced confinement, the convening authority has still not taken action on Seaman Collazo's clemency request. Second, the Government has merely transformed, not eliminated, the burden and prejudice borne by Seaman Collazo as a result of the Government-created post-trial delay. Third, the Government-created post-trial delay is a situation "capable of repetition, yet evading review."

Petitioner's 15 January 1992 Reply to Respondent at 1.

## III

### *Conclusions*

■ We agree with Petitioner that deferment action has not mooted the request for relief. Of particular concern to this Court is the fact that three months after completion of a guilty-plea court-martial, no record had been prepared and the absence of that record prompted the convening authority to refuse action on a request for clemency. More than two months later, for a total of more than five months after trial, there still has been no convening authority action on either the record of trial or the request for clemency. Despite our repeated condemnation over the years of post-trial delays at the convening authority level, *viz. U.S. v. Amparo,* 25 M.J. 722 (C.G.C.M.R.1987); *U.S. v. Olivari,* 33 M.J. 933 (C.G.C.M.R.1991); *U.S. v. Richardson,* 33 M.J. 1024 (C.G.C.M.R.1991), we are confronted here with a case where because of such delay an accused has been forced to serve the better part of a sentence to five months confinement with no action on the sentence by the convening authority. To rectify this situation, the accused asks us to disapprove any confinement remaining on his sentence. Appellate

defense counsel submits the following in support of that request:

Seaman Collazo respectfully asks that the Court not extend to the Government the license of any further mere warnings about unnecessary post-trial delay. Just as the Government seeks to hold individuals accountable for neglect or culpable inefficiency (Article 92, UCMJ), the Court should hold the Government accountable for neglect or culpable inefficiency. The Court should disapprove any confinement remaining in Seaman Collazo's sentence.

Petitioner's 15 January 1992 Reply to Respondent at 7.

While we may agree with the thrust of counsel's argument, we are unable to comply with his specific request. The record of trial is not before this Court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. As a result, we are not in a position to take action disapproving all or part of the sentence. Even if we were disposed to such action, we are limited by Article 66(c), UCMJ. Under that Article, the Court "may act only with respect to the findings and sentence as approved by the convening authority." Absent a record of trial and a convening authority's action to review, we believe it is beyond our authority to *disapprove* any portion of the sentence as requested by the accused.

■ On the other hand, while the record and the action of the convening authority are not before this Court, the request for extraordinary relief is properly before us as a matter within our jurisdiction under the All Writs Act. *Addis v. Thorsen,* 32 M.J. 777, 779, 780 (C.G.C.M.R.1991); *Smithee v. Vorbach,* 25 M.J. 561 (C.G.C.M.R. 1987); *Hollywood v. Yost,* 20 M.J. 785 (C.G.C.M.R.1985). The very facts which prevent our taking action to disapprove the sentence cry out for some kind of extraordinary relief. In light of the lengthy delay in completing the record of trial and the resultant delay in action by the convening authority, we believe the accused has been prejudiced through no fault of his own.

The accused's counsel attempted to comply with the very steps outlined by this court in *U.S. v. Olivari,* supra and *U.S. v. Richardson,* supra as prerequisites to establishing prejudice. He made an initial

request for deferment of confinement for three days which was denied, prompting him to conclude that further requests for deferment would be futile. He also submitted a request for clemency which was not acted upon because there was no record of trial. As a result, the accused has been left in a sort of "catch–22" situation, where delay in record preparation not only prevents action on his sentence, but is also cited as the cause for refusing to consider clemency relief. Accordingly, we find that the excessive delay in post-trial action on the record has prejudiced the accused, particularly with respect to service of confinement while awaiting that action. Extraordinary relief is warranted.

## IV

### Extraordinary Writ Action

Petitioner's release from confinement on 2 January 1992 was not an unconditional release. It was merely an interruption of his imprisonment. Confinement remains to be served whenever the deferment of his sentence is revoked. In light of this fact, together with the excessive delay and the resultant prejudice that we have found, we are persuaded that Petitioner's release from confinement should be unconditional. Accordingly, we hereby grant Petitioner's request for a writ of habeas corpus, effective 2 January 1992. With the ordering of this writ, Petitioner's release from confinement on that date is deemed to be unconditional, allowing for the uninterrupted running of his sentence from the date it was adjudged on 20 September 1991 to the completion of five months confinement on 20 February 1992. No confinement remains to be served after 20 February 1992.

■ Our habeas corpus order this date, coupled with Petitioner's release from confinement on 2 January 1992, has removed any need for early clemency action by the convening authority before he acts on the record of trial. Accordingly, the accused's request for a writ of mandamus to compel Respondent to timely consider the clemency petition is denied, without prejudice to his raising that issue in the normal course of review. Parenthetically, we interpret the Rules for Courts–Martial as permitting a convening authority to take clemency action with, or without, a record of trial. We do not believe the convening authority is powerless to grant clemency before the record of trial is prepared, if he is so disposed.

## V

### Authority and Responsibility

■ Clemency power is the convening authority's alone. While he does not necessarily have to sign such an action personally, as long as the decision that is made is his, the wrong impression is conveyed when the trial counsel signs for the convening authority in response to a clemency request. Involvement of the trial counsel in such matters should be avoided wherever possible.

As a separate matter, we note that Rule for Courts–Martial (R.C.M.) 1103 places responsibility for preparation of the record of trial on the trial counsel, under the direction of the military judge. We are well aware that the military judge is not detailed by the convening authority nor does he report to the convening authority. Moreover, the trial counsel in most instances is not a member of the convening authority's immediate command. As a result, it would appear that the convening authority, the officer who must take action on the record, may not have the requisite authority, in the usual case, to require prompt preparation of the record. Such is particularly apparent in those instances when the convening authority is junior to the officer with supervisory authority over those responsible for preparation of the record. Possibly this organizational anomaly accounts for the persistent problem of post-trial delay within the Coast Guard.

■ Regardless, convening authorities who have not received a record of trial within a reasonable time after trial has been completed should make inquiry with the trial counsel, the military judge and their superiors, if necessary. We believe inquiries to appropriate commanders would, in most instances, achieve favorable results. Additional avenues remain open to defense counsel. If a record of trial has

not been submitted to defense counsel for review within a reasonable time, we believe counsel should take the necessary steps to protect the client's interest. Such steps can include a request for release from confinement in conjunction with a deferment request as well as a petition for habeas corpus addressed to this Court. The time has come for the long-standing post-trial delay problem to be finally laid to rest.

## VI

### Holdings

In summary, we hold:

(1) that Petitioner has taken the necessary steps outlined in *U.S. v. Olivari*, supra and *U.S. v. Richardson*, supra, to establish prejudice from post-trial delay in this case. As a caveat to defense counsel in future cases, however, we will expect that requests for deferment of confinement will be for periods longer than three days when an accused is asserting prejudice from confinement due to excessive post-trial delay. In that event, the accused, at some point, should have requested deferment of confinement until such time as the convening authority acts on the record. If an initial request for deferment at the conclusion of the trial is denied, the request should be renewed when there is delay in preparation of the record of trial;

(2) that prejudice with respect to service of confinement has been established in this case from excessive post-trial delay;

(3) that, as a result, the petition for a writ of habeas corpus is granted effective 2 January 1992. The accused's unconditional release and the uninterrupted running of his five months confinement from 20 September 1991 to 20 February 1992 leaves no further confinement to be served after that date; and

(4) that the petition for a writ of mandamus to compel Respondent to timely consider a clemency petition is denied, without prejudice to Petitioner's raising that issue in the normal course of appellate review.

Judges BRIDGMAN and SHKOR concur.

## ORDER—PANEL ONE

On consideration of Respondent's Motion for Reconsideration *En Banc* in the above-styled case, filed with the Court in accordance with Rules 17 and 19 of the Courts of Military Review Rules of Practice and Procedure, it is, by the Court, this 30th day of March 1992;

ORDERED:

(1) That Respondent's Motion to File Appendix A, a copy of the convening authority's action of 13 March 1992, is granted. As requested by Respondent, the convening authority's action has been considered in conjunction with the Motion for Reconsideration.

(2) That the Motion for Reconsideration having been transmitted to each judge of the Court present for duty and a vote having been taken, which did not result in a majority favoring reconsideration *en banc*, the motion to that effect is hereby denied.

(3) That Respondent's alternative request for reconsideration by Panel One in accordance with Rule 19 is also denied.

The Government, in requesting reconsideration of this Court's decision to grant extraordinary relief for excessive post-trial delay, asserts that what appeared clear to the Government after *U.S. v. Olivari*, 33 M.J. 933 (C.G.C.M.R.1991) and *U.S. v. Richardson*, 33 M.J. 1024 (C.G.C.M.R.1991), has now been obfuscated by our grant of habeas corpus in this case. On the other hand, the Petitioner sees no confusion from our most recent action. In light of the Government's quest for clarification, reiteration of certain matters is warranted.

Respondent says, "it is unclear to the government what this Honorable Court expected from it other than a more expeditious preparation of the record." Respondent's Brief at 5 and 6. First and foremost, this Court, not only expects, but must insist on, a more expeditious preparation of the record. In addition, it expects timely action by the convening authority on the record, and timely action by the convening authority on other post-trial matters such as requests for clemency, requests for deferment and assertions of error by the accused. While we have spelled out certain obligations on the defense in order for it to

establish prejudice from post-trial delay, those requirements do not affect the Government's continuing duty to act expeditiously in the specific areas noted. Favorable action on a deferment request does not relieve the Government of its responsibility for timely action in the other areas. Exhortations alone, despite repetition over many years, have failed to alleviate recurring problems with excessive post-trial delay. The granting of relief where, as in this case, prejudice has been found, is considered to be both appropriate and necessary to the Court discharging its responsibility.