UNITED STATES

v.

**William A. LAWER Yeoman First Class, U.S. Coast Guard.**

CGCM 0080.
Docket No. 1028.

U.S. Coast Guard Court of Criminal Appeals.

25 Jan. 1995.

Trial Counsel: LCDR Christopher A. Abel, USCG.

Defense Counsel: LT Elizabeth Miller, JAGC, USN.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before BAUM, BRIDGMAN, and FEARNOW, Appellate Military Judges.

BAUM, Chief Judge:

Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted by general court-martial judge alone of the following offenses: two specifications of sodomy with a woman not his wife; one specification of adultery; and two specifications of indecent acts with his daughter in violation of Articles 125 and 134, UCMJ, 10 U.S.C.A. §§ 925, 934. The judge sentenced Appellant to a dishonorable discharge, confinement for five years, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged, but, as called for by the plea bargain, sus-

pended all confinement in excess of forty two months for a period of twelve months from the date of trial. Before this Court, Appellant has assigned three errors, one of which summarily challenges the Court's jurisdiction based on the service of civilian judges on the Court who, its asserted, have not been appointed in accordance with the appointments clause of the constitution. This assignment has been decided contrary to Appellant's position in *U.S. v. Carpenter*, 37 M.J. 291 (CMA 1993), *pet. for cert.* filed, 62 U.S.L.W. 3411 (U.S. Oct. 29, 1993) (No. 93–676). That decision is dispositive and the assignment is rejected for that reason. The remaining assignments will be addressed.

I

THAT THE MILITARY JUDGE ABUSED HER DISCRETION BY PERMITTING QUESTIONS OVER DEFENSE OBJECTION CONCERNING UNCHARGED MISCONDUCT INVOLVING APPELLANT'S OLDEST DAUGHTER, WHICH WAS COMPOUNDED PREJUDICIALLY BY THE TRIAL COUNSEL'S MISUSE OF THE ANSWERS TO THOSE QUESTIONS DURING CROSS–EXAMINATION AND DURING SENTENCING ARGUMENT

A

*Judge's Ruling On Questions Concerning Uncharged Misconduct*

■ After conviction of the various offenses to which he had pled guilty, including two specifications of committing indecent acts upon his two year old daughter, Appellant called a psychiatrist as an expert witness in his behalf during the presentencing phase of trial. On direct examination, the witness expressed the opinion that Appellant had good potential for rehabilitation and was a very good candidate for treatment. He further testified on direct examination that his opinion was based in part on the "very small number of victims" and the "very small number of actual events he's engaged in." R. 134.

On cross-examination, after the psychiatrist reconfirmed that portion of his direct testimony, the trial counsel asked him if he was aware that Appellant had sexually abused another daughter for a period of some seven years. Since none of the charges against Appellant involved that daughter, trial defense counsel immediately objected to the question as calling for uncharged misconduct not related to the case. He also argued that it was not proper aggravation evidence and that it was more prejudicial than probative. In response, the trial counsel stated that he was not offering matters in aggravation, that, instead, he was seeking information bearing on Appellant's rehabilitative potential and on the weight to be given to the expert's testimony. The judge overruled the defense objection and permitted the question, stating: "I will specifically not consider that information as far as being prior misconduct. It is strictly a question of testing just what the witness meant on it happened a few times." R. 145.

Appellant contends that the judge erred in so ruling, despite the fact that the basis of an expert opinion generally may be tested on cross-examination. According to Appellant, the expert's answers fall squarely under Military Rule of Evidence (M.R.E.) 403 which says that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Appellant submits that the probative value of the evidence here was slight and the danger of unfair prejudice enormous. He argues that it is precisely the type of uncharged misconduct that would invite the sentencing authority to impose a more severe sentence.

While we agree that M.R.E. 403 permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, it is a matter for the judge's discretion. Here, we do not believe the judge abused her discretion by allowing the trial counsel's question to be asked and answered. Rather than having slight probative value, as characterized by Appellant, we see the information sought by trial counsel as having direct and substantial probity with respect to the reliability of the expert's opinion. Moreover, the danger of

unfair prejudice was slight, given the fact that trial was by judge alone. Slight as it was, the danger of unfair prejudice was reduced even further by the judge's express statement that she would not consider the information as prior misconduct. Accordingly, we reject Appellant's contention that the judge erred by considering the evidence for the limited purpose of testing the basis for the witness's opinion concerning rehabilitative potential.

## B

*Prosecution's Possible Overreaching And Misuse Of Evidence Admitted For Limited Purpose*

■ Appellant argues additionally that, notwithstanding the judge's ruling allowing the evidence for only a limited purpose, the trial counsel went beyond that purpose in completing his cross-examination of the expert and then misused the evidence in argument on the sentence. We do not find an overreaching by trial counsel in his cross-examination, as Appellant has asserted, but the argument on sentence is another matter. Appellant provides the following portrayal of trial counsel's argument, with pertinent quotes:

> He [trial counsel] first stated that "Bill Lawer abuses his kids." R. at 194. Later, purporting to speak for Sarah [the younger daughter], he stated, "My big sister was abused by my dad." R. at 196. Then purporting to speak for Petty Officer Lawer's wife, Diane, he stated, "I married a guy that in time abused two of our three daughters...." R. at 197. The trial counsel again argued the alleged abuse of Jennifer [the older daughter] as aggravation, while purporting to speak for Petty Officer Lawer himself. R. at 200. Finally, he argued to the military judge that Petty Officer Lawer was dangerous because he has a "long, long history of abusing children ..." R. at 205.

Appellant's brief pages 6 & 7.

Appellant asserts that trial counsel's argument was clearly improper and that it seriously and unfairly prejudiced his substantial rights. We agree that the argument constituted improper comment on evidence admitted for a limited purpose. The trial counsel's treatment of this evidence as if it were a matter in aggravation was error. That error was waived by Appellant's failure to object, however, unless it amounted to plain error. *U.S. v. Richardson,* 33 M.J. 1024 (C.G.C.M.R.1991), *U.S. v. Olivari,* 33 M.J. 933 (C.G.C.M.R.1991). In that regard, the Government had the following to say:

> There was no plain error in trial counsel's argument. For there to be plain error, the error must be obvious and substantial and must have an unfair prejudicial impact on the [sentencer's] determinations. *U.S. v. Rice,* 33 M.J. 451 (C.M.A.1991). Here, any references in trial counsel's sentencing argument to Appellant's abuse of the older daughter were made only in passing and were not concentrated upon by trial counsel. These brief references certainly were not obvious or substantial when examined in context of the trial counsel's sentencing argument. They do not tend to, and their context show that they are not intended to, direct the sentencer's attention away from the acts for which Appellant was convicted.

Gov. Brief at 4.

We agree with the Government's assessment. In weighing the possibility of unfair prejudicial impact from the trial counsel's argument, his comments must be viewed in context with the other offenses. The following account by the Government of those offenses does just that:

> Appellant was convicted of two specifications of anal intercourse with a sixteen year old female who was his legal ward, one specification of indecent assault upon his two year old daughter which involved inserting his middle finger into her vagina, one specification of indecent assault upon his two year old daughter which involved masturbating on her clothed back, and one specification of adultery. PE 1. The culpability of Appellant's acts speak for themselves. .

Gov. Brief at 4.

Given the gravity of the offenses to which Appellant pled guilty, we believe trial counsel's oblique references to uncharged acts with another daughter had little, if any, ef-

fect on the judge's sentencing determination. Applying the test from *U.S. v. Rice, supra,* we find that trial counsel's misstatements did not amount to plain error. For that reason, Appellant's failure to object waives the issue. The assignment of error is rejected.

## II

THAT APPELLANT WAS UNFAIRLY PREJUDICED BY THE INTRODUC-TION OF A COURT MEMORANDUM AS SENTENCING EVIDENCE THAT DOES NOT INDICATE THAT AP-PELLANT WAS AFFORDED HIS RIGHTS TO CONSULT WITH AN AT-TORNEY AND TO REFUSE NONJU-DICIAL PUNISHMENT

[3] Appellant asserts that a service record entry reflecting nonjudicial punishment imposed on him in 1981 failed to indicate that his rights under *U.S. v. Booker,* 5 M.J. 238 (C.M.A.1977) were properly accorded and, thus, was erroneously admitted in evidence, to his prejudice as to sentence. The nonjudicial punishment form in question shows a block for marking "yes" that the accused was advised of the right to confer with counsel and that he voluntarily consented to the proceeding. Although the form is signed by the responsible officer, there is no mark in the block indicating that the required advice was given or the accused's consent obtained. No objection was made at trial to the admissibility of this evidence, however. Accordingly, unless deemed to be plain error, the issue has been waived.

In *U.S. v. Dyke,* 16 M.J. 426 (CMA 1983), the Court of Military Appeals held that it was plain error to admit a purported record of nonjudicial punishment which had no signatures whatsoever. However, a document with simply some unfilled blanks was not to be so considered, usually. Here, we have a signed document with an unfilled, but critical, blank. As to whether this constitutes plain error, we find the Navy–Marine Corps Court of Military Review's opinion in *U.S. v. Elston,* 34 M.J. 1036 (NMCMR 1992) to be instructive. In that case, the Court concluded that in order to find plain error the record as a whole must be considered to determine whether there is the requisite prejudicial im-

pact. A *per se* plain error analysis was found to be inappropriate. Following the *Elston* lead, we have looked at all aspects of this record and have determined that there was no prejudicial impact. This nonjudicial punishment for a minor offense, committed over twelve years earlier when the accused was a second class petty officer, in our view, had no effect on a sentence that was commensurate with the serious nature of the present offenses. The assignment of error is rejected.

Before leaving this subject, we note that a similar assignment was asserted in *U.S. v. Heath,* 39 M.J. 1101 (CGCMR 1994). In that case we questioned the genesis of the court imposed requirement that an accused be afforded the right to consult with counsel before consenting to nonjudicial punishment. In so doing, we suggested that it might be time for the U.S. Court of Appeals for the Armed Forces to revisit *U.S. v. Booker, supra.* There is even more reason now to reconsider *Booker* in light of the U.S. Supreme Court's decision in *Nichols v. U.S.,* 114 S.Ct. 1921 (1994). In that case, the Supreme Court held that an uncounseled misdemeanor conviction for which no prison term was imposed is valid for use at a subsequent conviction to enhance the sentence.

Earlier, the Supreme Court had held in *Scott v. Illinois,* 99 S.Ct. 1158 (1979) that where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor had no constitutional right to counsel. Certainly, these cases make it clear that there is no constitutional basis for the military requirement that an accused be afforded the right to consult with an attorney before consenting to a summary court-martial or nonjudicial punishment that does not award confinement. Moreover, *Nichols v. U.S., supra,* removes any trace of justification for the ruling in *U.S. v. Booker, supra,* as applied to such prior summary courts-martial and non-judicial punishments. Accordingly, in addition to misgivings about *Booker* noted in *Heath, supra,* and older cases such as *U.S. v. Nordstrom,* 5 M.J. 528, 535 (NCMR 1978), there is now more reason than ever for our highest military court to reconsider that decision.

Having reviewed this court-martial in accordance with Article 66, UCMJ, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges BRIDGMAN and FEARNOW concur.