# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
### v.
## Joe Don GREENING
## Seaman Recruit, United States Coast Guard

## CGCMS 24198

## Docket No. 1137

## 28 March 2001

Special Court-Martial convened by Commanding Officer, USCGC POLAR SEA (WAGB-11).  Tried at Seattle, Washington, on 8 February 2000.

| | |
|---|---|
| Military Judge: | CDR Thomas R. Cahill, USCG |
| Trial Counsel: | LT Daniel C. Kelleher, USCG |
| Defense Counsel: | LT John Kenney, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | CDR Chris P. Reilly, USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR, AND CASSELS
### Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  After mixed pleas, he was convicted of nine offenses in violation of Uniform Code of Military Justice Articles 112a, 117, 128, and 134.  The military judge sentenced Appellant to a bad-conduct discharge, forfeiture of $650.00 per month for six months, and confinement for six months.  He also announced that Appellant was entitled to 92 days credit for pretrial confinement served.  The Convening Authority approved the sentence as adjudged and ordered the 92 days credit against the approved confinement.

Before this Court, Appellant has assigned two errors: (1) that the manner in which the military judge announced findings has prejudiced Appellant; and (2) that a delay of 142 days from trial until action by the convening authority is excessive and has also prejudiced Appellant.  The trial court did err procedurally in announcing findings, but complete and accurate findings can be easily discerned from the record without harm to Appellant.  With respect to the second assignment, Appellant has not demonstrated the requisite prejudice that would warrant relief from the post-trial processing delay.  Accordingly, Appellant's assignments of error are rejected.

I

The crux of Appellant's first assignment rests on two procedural missteps by the trial judge. At the conclusion of the plea-providence inquiry, he properly determined that the pleas of guilty were provident, accepted them, and then proceeded to find Appellant guilty in accordance with those pleas. He mistakenly went on, however, to include findings of not guilty for the offenses to which such pleas had been entered. That was a mistake because, at that point, the Government had not been afforded the opportunity to present evidence on the offenses to which not guilty pleas had been entered. Later, after the Government had submitted its evidence, the judge announced findings again. This time, guilty findings replaced previously declared findings of not guilty for two charges.

Citing *United States v. Varnell*, 4 M.J. 111 (CMA 1977) (summary disposition); and *nited States v. Bryant*, 22 USCMA 36, 46 CMR 36 (1972), Appellant acknowledges that premature findings that imply not guilty do not bar prosecution and subsequent findings of guilt for those offenses, but argues that a deficiency in the judge's second set of findings prevents application of this concept to the facts of this case. That deficiency was the judge's failure to enter any findings at all for two of the specifications. He proclaimed guilty findings for all the charges, but neglected to state findings for the single specification under each of the two charges for which not guilty findings had been previously announced. Without subsequent findings of guilt for those specifications, Appellant contends that the earlier not guilty findings must stand.

We disagree. The judge's first pronouncement of findings was an obvious misstatement of what was intended. His subsequent words and actions are all consistent with his having determined to accept the guilty pleas and enter findings for those offenses, but not for the other offenses. Otherwise, the trial counsel's failure to object to the not guilty findings and the judge's proceeding with trial on the contested offenses does not make sense. Rather than actually having made findings for those offenses, it is clear to us that the military judge simply misspoke, intending to say that not guilty **pleas** were entered rather than findings. Furthermore, the later failure to state findings for the single specification under each of two charges, while procedurally incorrect, does not prevent our concluding with certainty what the judge's findings were for those two specifications. *United States v. Hinton*, 1991 CMR LEXIS 290 (NMCMR 1991), *United States v. Williams*, 1991 CMR LEXIS 380 (AFCMR 1991). There is only one conclusion to be drawn from findings of guilt for the two charges in question. The judge must have found Appellant guilty also of the sole specification underlying each charge, because a guilty finding for the charge would be impossible without the same finding for the charge's one specification.

II

In his second assignment, Appellant asserts that the delay of one hundred and forty-two days from 18 February 2000, the day Appellant was sentenced by the court, until 29 June 2000, the day the convening authority acted on the record, was excessive and prejudicial to him. Appellant has not invited our attention to any specific prejudice resulting from this delay, but suggests, instead, that we take an approach similar to that taken by the Army Court in *United States v. Collazo,* 53 M.J. 721, 727 (ArmyCt.Crim.App. 2000), where a showing of actual prejudice was not deemed

necessary for a grant of relief. Although we continue to decry excessive delays between trial and convening authority action, we are not prepared to dispense with a showing of actual prejudice in this case before taking corrective action[1].

Here, Appellant asserts that three of the almost five months delay was attributable to trial counsel's failure to forward the record in a timely fashion to the military judge for authentication and later to the defense counsel, after authentication. Appellant has the following to say with respect to these matters:

> There is no explanation in the record as to why it took the trial counsel over a month to forward the transcript to the military judge and nearly two months to forward the authenticated record of trial. These ministerial acts surely required no Herculian effort. In fact, they required no effort whatsoever except preparing an address label. Every day the record spent languishing on trial counsel's desk was another day before the convening authority could lawfully take action on the case and another day before the case could be considered by this court.

Assignment of Errors and Brief at 15. From the foregoing, Appellant would have us conclude that appropriate relief is warranted without a showing of actual prejudice, "in order to encourage convening authorities to pay appropriate attention to post-trial matters." App Brief at 15. We certainly do not excuse unexplained delays such as those described by Appellant, and when the necessary resultant prejudice is demonstrated, we have afforded relief in the past. *Collazo v. Welling*, 34 M.J. 793 (CGCMR 1992) (*habeas corpus* relief granted and release from confinement ordered upon a showing that five months after trial a record of trial had not been prepared and the convening authority had refused to consider a petition for clemency without the record of trial.) As we pointed out in *Collazo v. Welling*, over the years we have repeatedly condemned post-trial delays at the convening authority level, *viz. United States v. Amparo*, 25 M.J. 722 (CGCMR 1987); *United States v. Olivari*, 33 M.J. 933 (CGCMR 1991); *United States v. Richardson*, 33 M.J. 1024 (CGCMR 1991). In recent years, we have not found it necessary to revisit this subject. Responsible authorities must be ever vigilant, however, to ensure that delays from trial to action by the convening authority have not begun to reoccur, and, if they have, to nip them in the bud. While we certainly do not approve of the delays that have been highlighted by Appellant, we are unable to discern the prejudice from those delays that are necessary for us to provide requested relief. *United States v. Banks*, 7 M.J. 92 (1979).

In rejecting both assignments of error by Appellant, we have reviewed the record in accordance with Article 66, UCMJ. That review has revealed a waiver-of-appellate-rights form signed by Appellant on 6 April 2000 purporting to waive appellate review, after advice by counsel. The document was signed more than two months prior to the convening authority's action of 29 June 2000. For that reason, Appellant's attempted waiver was a feckless act, since a waiver must be filed within ten days after service of the

---

[1] In *United States v. Tardif,* __ M.J. __ (C.G.Ct.Crim.App. 26 March 2001 No. 1141), I said, in a separate opinion, that I would follow the lead of *United States v. Collazo*, *supra,* and reduce the confinement in that case based on 115 days delay in forwarding the record for review by this Court after the convening authority had acted. The Appellant in that case was in continuous confinement during this unexplained and unreasonable post-convening authority action delay. I find those facts far different from the facts in the present case.

convening authority's action in order to bar appellate review. *United States v. Hernandez,* 33 M.J. 145 (CMA 1991); *United States v. Haynes*, 53 M.J. 738 (C.G.Ct.Crim.App. 2000).

We have determined that the findings and sentence are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence approved below are affirmed.



For the Court

//s//
James P. Magner,
Clerk of the Court