# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32533**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Michelle M. RODGERS**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 31 January 2019

————————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, reduction to E-1, and a reprimand. Sentence adjudged 1 March 2018 by SpCM convened at Royal Air Force Mildenhall, United Kingdom.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Captain Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

Senior Judge JOHNSON delivered the opinion of the court, in which Judge DENNIS and Judge LEWIS joined

————————————

**PUBLISHED OPINION OF THE COURT**

————————————

JOHNSON, Senior Judge:

A military judge convicted Appellant, consistent with her pleas, of one specification of wrongfully using methylenedioxymethamphetamine (MDMA) and one specification of wrongfully distributing MDMA, both in violation of Article

112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 45 days, reduction to the grade of E-1, and a reprimand. The convening authority approved the findings and the adjudged sentence.

Appellant's case was submitted to this court for review on its merits without any assignments of error. Although we find no error that substantially prejudiced Appellant's material rights, we address an error with respect to the military judge's announcement of findings.

## I. BACKGROUND

After litigating defense motions to suppress certain evidence—with mixed results—Appellant entered an agreement with the convening authority whereby she agreed, *inter alia*, to plead guilty to two of the five specifications of the Charge. Specifically, she agreed to plead guilty to Specification 3, which alleged wrongful use of MDMA on divers occasions, by exceptions, pleading not guilty to the words "on divers occasions." Appellant also agreed to plead guilty to Specification 4, which alleged wrongful distribution of MDMA on divers occasions. In addition, the agreement provided Appellant would not object to the admissibility of several specific items of evidence "to be considered by the fact finder during the findings and sentencing portions of trial."

In return, the convening authority agreed to withdraw and dismiss Specifications 1, 2, and 5 with prejudice. The agreement did not provide that the convening authority would withdraw or the Prosecution would otherwise decline to pursue the "on divers occasions" language from Specification 3. The agreement also did not include any limitation on the sentence the convening authority would approve.

Appellant pleaded in accordance with the agreement.[2] In the course of the military judge's providence inquiry,[3] the military judge advised Appellant that the information she provided regarding her guilty plea could "be used by the government to establish certain elements of the offense they're going to try to prove up, as I understand it. . . . [T]hey're going to try to prove that you used

---

[1] Pursuant to an agreement between Appellant and the convening authority, three additional specifications alleging the wrongful use or possession of drugs in violation of Article 112a, UCMJ, were withdrawn and dismissed after arraignment.

[2] Appellant entered pleas to each specification but did not expressly enter a plea to the Charge. This omission went unnoticed at trial. However, Appellant's plea of guilty to two specifications necessarily implied a plea of guilty to the Charge as well.

[3] *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

multiple times of MDMA. Again, that's what I understand they are going to do
. . . ."

The military judge accepted Appellant's pleas.[4] With regard to Specification 3, the military judge announced:

> [T]his court finds you:
>
> Of Specification 3 of the Charge: Guilty; except the words "on divers occasions".
>
> Of the Specification: Guilty.
>
> *Of the excepted words: Not Guilty.*

(Emphasis added.) The military judge's announcement of a finding of "not guilty" with respect to the excepted words drew no objection or comment from counsel, who agreed they were "comfortable" with the findings. Notwithstanding the military judge's announcement, the parties proceeded to litigate the excepted "on divers occasions" language. At the conclusion of the Government's case, Specifications 1, 2, and 5 were withdrawn and dismissed. Ultimately, the military judge found Appellant guilty of the excepted language, as charged and referred. The Defense did not object to this second announcement of findings.

## II. DISCUSSION

It is clear from the record that the military judge did not intend to acquit Appellant of the excepted language when he announced his finding of guilt by exceptions as to Specification 3, in accordance with Appellant's pleas and her agreement with the convening authority. It is equally clear neither party believed the announcement was an acquittal. Manifestly, the military judge and counsel for both parties expected to litigate the excepted language. We agree with our sister court that where a military judge's announcement is "an obvious misstatement of what was intended," such "premature findings that imply not guilty do not bar prosecution and subsequent findings of guilt for those offenses." *United States v. Greening*, 54 M.J. 831, 832 (C.G. Ct. Crim. App. 2001) (citing *United States v. Varnell*, 4 M.J. 111 (C.M.A. 1977) (mem.); *United States v. Bryant*, 46 C.M.R. 36 (C.M.A. 1972)); *see Evans v. Michigan*, 568 U.S. 313, 318 (2013) (citations omitted) ("[A]n acquittal . . . encompass[es] any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense."). Indeed, even if the military judge *had* intended to acquit Appellant at that point, a premature finding of "not guilty" denying the Government

---

[4] During the providence inquiry some question arose with respect to Specification 4 as to the amount of MDMA Appellant distributed. With the express consent of the parties, the military judge found Appellant guilty by exception and substitution, reducing the amount distributed from ".224" to ".100" grams.

the opportunity to present evidence would have been erroneous and without effect. *See Varnell*, 4 M.J. at 111; *United States v. Fowler*, 74 M.J 689, 691 (A. Ct. Crim. App. 2015).

Under the circumstances, the military judge clearly erred by announcing a premature finding of "not guilty." However, such a slip of the tongue, unnoticed at the time and without legal effect, had no impact on the course of the trial and did not prejudice Appellant.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[5]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[5] We note an error in the court-martial order with respect to the language of Specification 4 of the Charge, where ".244" appears in place of ".224." We direct the publication of a corrected court-martial order to remedy this error.